UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
NYSA-ILA PENSION TRUST FUND, by its :
Trustees, JOHN NARDI, IAN CAIRNS, BRIAN :
CLARK, FRANK GROSSI, ROBERT MILAZZO, :
JAMES PELLICCIO, MICHAEL RADAK, :
MICHAEL WILSON, HAROLD J. DAGGETT, :    **ECF CASE**
DAVID CICALESE, STEPHEN KNOTT, LOUIS :
PERNICE, and MICHAEL VIGNERON, :    **COMPLAINT**
                                                           :
                    Plaintiffs,              :    **Civil Action No.:**
                                                           :
        -against-                             :
                                                           :
COMPANIA SUD AMERICANA DE VAPORES, :
                                                           :
                    Defendant.            :
------------------------------------------------------------ x

Plaintiffs, by their attorneys, Marrinan & Mazzola Mardon, P.C., as and for their complaint, respectfully allege as follows:

### JURISDICTION

1. This is an action to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461. This Court has subject matter jurisdiction pursuant to ERISA §§ 502 and 4301, 29 U.S.C. §§ 1132, 1457. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, inasmuch as this is a civil action arising under an Act of Congress.

### VENUE

2. This Court is one of proper venue pursuant to ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2), 1451(d), since the Fund on whose behalf recovery is sought is administered and maintains its principal place of business in this district.

1031-038
51888

## PARTIES

3. Plaintiffs John Nardi, Ian Cairns, Brian Clark, Frank Grossi, Robert Milazzo, James Pelliccio, Michael Radak, Michael Wilson, Harold J. Daggett, David Cicalese, Stephen Knott, Gerald Owens, Louis Pernice and Michael Vigneron are the trustees of the NYSA-ILA Pension Trust Fund ("Fund"), which since about 1950 has been a joint labor-management trust fund with offices currently located at 77 Water Street, in the City, County, and State of New York. The Fund is a multiemployer employee pension benefit plan within the meaning of ERISA §§ 3(2), 3(3), and 3(37), 29 U.S.C. §§ 1002(2), 1002(3), 1002(37), created and maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust and Plan and collective bargaining agreements between New York Shipping Association, Inc. ("NYSA") and the International Longshoremen's Association, AFL-CIO, covering longshore workers in the Port of New York and New Jersey (the "Port").

4. Upon information and belief, Defendant Compania Sud Americana de Vapores ("CSAV") at all times material hereto is a foreign corporation, incorporated in Chile and doing business as a steamship carrier. Upon information and belief, the Defendant's principal place of business is located at 99 Wood Avenue South, Iselin, New Jersey 08830.

## STATEMENT OF CLAIMS

5. At all times material hereto, Defendant CSAV was bound by the NYSA-ILA Collective Bargaining Agreement. Pursuant to that Agreement, Defendant CSAV was obligated to pay and in fact did pay assessments, a portion of which was transmitted to the Fund for pension benefit contributions.

6. On or before December 2, 2014, Defendant CSAV permanently ceased its contributions to the Fund in connection with its operations in the port. Pursuant to ERISA, Defendant CSAV incurred withdrawal liability as a result of this complete withdrawal under ERISA § 4203(e), 29 U.S.C. § 1383(e) for its proportionate share of the Fund's unfunded vested benefits.

7. ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1399(c)(2), 1401(d), establish an unconditional and ongoing obligation on the withdrawing employer to pay interim periodic withdrawal liability payments, together with statutory interest as provided for in ERISA § 4219(c), 29 U.S.C. § 1399(c). ERISA mandates that these withdrawal liability installment payments must be made in accordance with the payment schedule set forth by the plan sponsor, notwithstanding any legal challenge or arbitration proceeding brought by the employer.

8. On May 19, 2015, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), the Fund sent Defendant CSAV a written demand for payment of its withdrawal liability in quarterly installment payments of $939,321.25 and one final payment of $693,271.00 in order to satisfy the $11,965,126.00 withdrawal liability plus statutory interest owed the Fund. The demand also directed Defendant CSAV to ERISA §§ 1399 and 1401 for a description of the rights that Defendant CSAV might have in connection with the Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment. A copy of the May 19, 2015, written demand and payment schedule is attached hereto as Exhibit 1.

9. The first quarterly installment was due on July 1, 2015 and the second quarterly installment was due on October 1, 2015. Defendant CSAV failed to make the first payments as scheduled and has not made any payments to date.

1031-038
51888

10. On July 2, 2015, in accordance with ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), the Fund advised Defendant CSAV that it had failed to make the first payment and that, if such failure was not cured within sixty (60) days after the date of receipt of the notice, it would constitute a default under the statute and the entire amount of withdrawal liability would become due. A copy of the July 2, 2015, letter is attached hereto as Exhibit 2.

11. ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), provides that the employer must request review of the plan sponsor's determination of its withdrawal liability no later than 90 days after the employer receives the notice of the amount of its withdrawal liability together with a schedule of liability payments and demand for payment. Defendant CSAV requested information on PTF's calculation of its withdrawal liability by letter dated August 13, 2015.

12. ERISA § 4219(c), 29 U.S.C. § 1399(c)(2) provides that "withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) of this section beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule."

13. Despite its clear and unequivocal obligation under ERISA, Defendant CSAV has failed and refused to pay its interim withdrawal liability installments that are requested under Section 4221(d) of ERISA, 29 U.S.C.A. § 1401(d). Under ERISA, those installment payments are delinquent, due and owing.

14. Under ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), and regulations promulgated by the Pension Benefit Guaranty Corporation ("PBGC"), the governmental agency commissioned by Congress to administer MPPAA's withdrawal liability provision, which are codified at 29 C.F.R. §§ 4219.31 – 4219.33 (2012), a plan is entitled to receive interest on delinquent withdrawal liability payments. Under 29 C.F.R. § 4219.32(b) the rate of interest to be

applied equals the quarterly average quoted prime rate on short-term commercial loans established by the Federal Reserve System, unless the plan adopts its own rules concerning the rate of interest. Under 29 C.F.R. § 4219.33, the plan's rate shall govern, provided it reflects prevailing market rates for comparable obligations.

15. Article VIII, § 5 of the Fund's Agreement and Declaration of Trust and Plan provides that

> interest shall be charged on any amount in default from the date the payment was due to the date it is paid at an annual rate equal to the prime rate charged by the Bank of New York on the 1st day of the calendar quarter preceding the due date of the payment.

Since the monthly prime rate charged by the Bank of New York, a major commercial bank, is comparable to prevailing market rates, the Fund's rate of interest is appropriate.

16. On April 1, 2015, and July 1, 2015, (the first day of the calendar quarters preceding the due dates of Defendant CSAV's delinquent payments), the Bank of New York charged a prime rate of 3.25%.

17. In accordance with Article VIII, § 5 of the Fund's Agreement and Declaration of Trust and Plan and ERISA §§ 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(c), 1145(b), Defendant CSAV is obligated to pay liquidated damages of twenty percent (20%) of the unpaid amount due and owing plus costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

1) Ordering CSAV to pay the outstanding amount of its July 1, 2015, and October 1, 2015, withdrawal liability payments by paying the NYSA-ILA Pension Trust Fund the sum of $1,878,642.50;

2) Ordering CSAV to pay its future withdrawal liability payments in accordance

with the scheduled provided to CSAV by the NYSA-ILA Pension Trust Fund by letter dated May 19, 2015;

3) Ordering CSAV, in accordance with 29 U.S.C. § 1132 (g)(2)(B), 29 U.S.C. § 1399(c)(5), and the provisions of Art. VIII, § 5 of the NYSA-ILA Pension Trust Fund Agreement and Declaration of Trust and Plan, to pay to the NYSA-ILA Pension Trust Fund interest at an annual rate of 3.25% on each of the delinquent withdrawal liability installments from the date it was due as set forth in the schedule until the date of the order;

4) Awarding CSAV, in accordance with 29 U.S.C. § 1132 (g)(2)(C) and Art. VIII, § 5 of the NYSA-ILA Pension Trust Fund Agreement and Declaration of Trust and Plan, to pay the NYSA-ILA Pension Trust Fund liquidated damages in the amount of $375,728.50, representing 20% of the arrearages; and

5) Awarding Plaintiffs' attorneys' fees and costs, in accordance with 29 U.S.C. § 1132 (g)(2)(D), in an amount to be determined by the Court upon subsequent application by plaintiffs.

Dated: October 6, 2015

          MARRINAN & MAZZOLA MARDON, P.C.

          By:  /s/ Kevin Marrinan
               Kevin Marrinan (KM 6450)
               John P. Sheridan (JS 9127)
               26 Broadway, 17th Floor
               New York, New York 10004
               Tel. (212) 425-3240
               Fax (212) 943-6649
               Email: kmarrinan@mmmpc.com

*Counsel for Plaintiffs NYSA-ILA Pension Trust Fund, by its Trustees, John Nardi, Ian Cairns, Brian Clark, Frank Gross, Robert Milazzo, James Pelliccio, Michael Radak, Michael Wilson, Harold J. Daggett, David Cicalese, Stephen Knott, Louis Pernice, and Michael Vigneron*